**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4636**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LATORY MARFRIA RHINES,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   James C. Fox, Senior District Judge.   (2:10-cr-00046-F-1)

_____

Submitted:  March 29, 2012          Decided:  April 2, 2012

_____

Before WILKINSON, KING, and KEENAN, Circuit Judges.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

Ronald Cohen, RONALD COHEN, ATTORNEY AT LAW, Wilmington, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latory Marfria Rhines pled guilty, pursuant to a written plea agreement, to distribution of cocaine base and being a felon in possession of a firearm and was sentenced to ninety-eight months in prison. On appeal, Rhines challenges the Fed. R. Crim. P. 11 hearing and avers that his sentence was improperly inflated based upon uncharged crimes. The Government contends that Rhines waived his sentencing claims pursuant to a waiver of appellate rights in his plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Rule 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Rhines knowingly and voluntarily waived the right to appeal his sentence in accordance with the written waiver. The district court described the waiver to Rhines at the Rule 11 hearing, and

Rhines stated that he understood. Although Rhines contends on appeal that his illiteracy and the "legalese" of the plea agreement prevented him from knowingly waiving his rights, counsel stated at sentencing that he read and explained the plea agreement to Rhines. Further, at his Rule 11 hearing, Rhines stated under oath that he understood the consequences of his plea and had fully discussed his charges with his attorney. In the absence of clear and convincing evidence to the contrary, Rhines is bound by his answers to the court at the time he entered his plea. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Because Rhines has not shown clear and convincing evidence to support his assertion that his waiver was unknowing, the waiver is valid. As the sentencing claims on appeal fall squarely within the scope of the waiver, we dismiss these claims.

With respect to Rhines' conviction, he contends that the district court erred by conducting part of the Rule 11 hearing by addressing a group of unrelated defendants together. The fact that Rhines pled guilty along with several others in a "group" plea does not result in a per se violation of Rule 11. See United States v. Martinez-Martinez, 69 F.3d 1215, 1223 (1st Cir. 1995). Moreover, following the group questioning, the court addressed Rhines personally, ensuring that he understood the charges against him and the consequences of his plea and

that he wanted to plead guilty.  As such, Rhines' claim of Rule 11 error is without merit.[*]

Based on the foregoing, we dismiss Rhines' sentencing challenges and affirm his convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

---

[*] Moreover, because Rhines did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error.  <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002).  To establish plain error, Rhines must, among other things, show a reasonable probability that, but for the error, he would not have entered the plea. <u>United States v. Massenburg</u>, 564 F.3d 337, 343 (4th Cir. 2009). Rhines does not allege that, had the Rule 11 hearing been conducted differently, he would not have pled guilty.

4